**Exhibit F**

Barnes & Thornburg

3340 Peachtree Road N.E., Suite 2900
Atlanta, GA 30326-1092 U.S.A.
(404) 846-1693
Fax (404) 264-4033

www.btlaw.com

Lisa Wolgast
Partner
(470) 832-7535
Lisa.Wolgast@btlaw.com

July 20, 2026

**VIA EMAIL** (jiger@tigcorp.com)
**AND FEDEX**
TIG Reaper LLC
Reaper Time NJ 1 LLC
Reaper Time PA 1 LLC
Reaper Time PA 2 LLC
Manisha Patel
406 Executive Drive
Langhorne, Pennsylvania 19047

**VIA FEDEX**
Manisha Patel
400 Foxcroft Drive
Warminster, Pennsylvania 18974

RE:

(a) That certain Term Loan A Note dated August 15, 2024 payable by Borrower (as defined herein) to Bank Midwest, a division of NBH Bank ("Lender") in the original principal amount of $1,650,000 (as amended and/or modified, the "Term Loan Note");

(b) That certain DLOC Note dated August 15, 2024 payable by Borrower to Lender in the original principal amount of $8, 350,000 (as amended and/or modified, the "DLOC Note", together with the Term Loan Note, the "Notes");

(c) That certain Loan Agreement dated August 15, 2024 executed by Borrower and Lender (as amended and/or modified, the "Loan Agreement");

(d) That certain Guaranty dated August 15, 2024 (as amended and/or modified, the "Guaranty") executed by Manisha Patel ("Guarantor", together with Borrower, "Obligors") in favor of Lender;

(e) That certain Loan Assumption and First Modification Agreement dated November 14, 2025 (the "Loan Assumption Agreement") executed by Original Borrower, Lender,

Reaper Time NJ 1 LLC (Reaper NJ"), Reaper Time PA 1 LLC ("Reaper PA 1"), Reaper Time PA 2 LLC ("Reaper PA 2", together with TIG Reaper LLC, Reaper NJ and Reaper PA 1 are collectively, "Borrower"; the Notes, Loan Agreement, Guaranty, Loan Assumption Agreement and all documents executed in connection therewith and/or related thereto, as amended and/or modified, are collectively, the "Loan Documents")[1]

Ladies and Gentlemen:

As you know, this firm represents Lender with respect to the above-referenced Loan Documents.

Under the Notes, payments of principal and interest are due and payable on the first day of each calendar month. Under the Loan Agreement and other Loan Documents, an Event of Default occurs when, *inter alia*, any monthly payment due under the Notes is not paid within ten (10) days of the due date (the "Outside Payment Date"); provided, however, on a one-time basis during any twelve (12) month period, the failure of Borrower timely pay a scheduled payment by the Outside Payment Date shall not constitute an Event of Default if paid by Borrower within five (5) days of written notice from Lender to Borrower. On July 13, 2026, you were notified that Borrower failed to make the payments due under the Notes on July 1, 2026, failed to make such payments by the Outside Payment Date, and that Borrower had five (5) days from the date of the letter to cure such default. Borrower failed to timely cure the payment default.

Section 4.16(c) of the Loan Agreement requires that Guarantor and Borrower maintain aggregate Liquid Assets of at least $1,500,000, as confirmed by a Compliance Certificate delivered by Borrower pursuant to Section 4.15(g) of the Loan Agreement. Borrower's most recent Compliance Certificate attests that Guarantor and Borrower have aggregate Liquid Assets of $1,038,941.77, thereby failing to satisfy the liquidity covenant in Section 4.16(c).

Section 4.21 of the Loan Agreement requires that Borrower maintain Lender as its principal depository bank, including for the maintenance of operating, administrative, cash management, collection activity, and other deposit accounts for the conduct of Borrower's business. Borrower does not maintain Lender as its principal depository bank in violation of Section 4.21.

Section 5.12 of the Loan Agreement provides that Borrower shall not create, incur, assume, permit to exist, or otherwise become or remain directly or indirectly liable with respect to any Indebtedness, other than the Obligations and trade indebtedness incurred in the ordinary course of business. Lender understands that Borrower incurred or became liable, directly or indirectly, for Indebtedness, other than the Obligations and trade debt incurred in the ordinary course of business, in violation of Section 5.12.

Under the Loan Agreement, an Event of Default occurs when, *inter* alia, (i) any Obligation for the payment of money is not paid within ten (10) days of the due date (provided, however, on a one-time basis during any twelve (12) month period, the failure of Borrower to timely pay a

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Loan Documents.

scheduled payment by the Outside Payment Date shall not constitute an Event of Default if paid by Borrower within five (5) days of written notice from Lender to Borrower); or (ii) Borrower "is not in compliance with any financial covenant contained in Article 4; or (iii) breaches any of the covenants contained in Article 5." (Loan Agreement, § 6.1(a), (c).)

You are hereby notified that Events of Default occurred under the Loan Agreement and other Loan Documents because, *inter alia*: (a) Borrower failed to make the payment due on July 1, 2026, failed to make such payment by the Outside Payment Date, and failed to make the payment within five (5) days of the July 13, 2026 cure letter; (b) Guarantor and Borrower failed to maintain aggregate Liquid Assets of at least $1,500,000 as of the most recent testing and Compliance Certificate delivered to Lender; (c) Borrower failed to maintain Lender as its principal depository bank, including for the maintenance of operating, administrative, cash management, collection activity, and other deposit accounts for the conduct of Borrower's business; and (d) Borrower created, incurred, assumed, permitted to exist, or otherwise became directly or indirectly liable with respect to any Indebtedness, other than the Obligations and trade indebtedness incurred in the ordinary course of business.

Please be advised that, as a result of the Events of Default, Lender has no obligation to fund any DLOC Draw, and Lender reserves the right to accelerate the indebtedness and to exercise any and all rights and remedies available to it under the Loan Agreement, other Loan Documents, applicable law and/or equity, including without limitation, filing suit against Guarantor, and seeking appointment of a receiver over the Collateral. Please be further advised that, as a result of the Events of Default, interest is accruing at the Default Rate.

Lender reminds Guarantor that Guarantor is liable for all Obligations of Borrower to Lender. Lender reserves all rights and remedies against Guarantor under the Guaranty, applicable law and/or equity.

Notice is hereby given that Lender intends to rely on the exact terms of the Loan Documents and demands exact compliance with all of the terms and conditions of the Loan Documents. To the extent that Lender, in the course of performance or execution of the Loan Documents, has departed from the terms thereof, or received money under such departure, notice is hereby given of Lender's intent to rely on the exact terms thereof. Neither this notice, any discussions by Lender with Obligors or their representatives, nor acceptance of any payment by Lender constitutes (a) a waiver of any default under the Loan Documents, whether or not referred to herein or in any prior notice of default, (b) an election of remedies with respect to any such default(s) by Lender, all of which are hereby reserved, (c) a waiver, modification, relinquishment or forbearance by Lender of any rights or remedies under the Loan Documents (or at law or in equity), all of which are expressly reserved, or (d) a modification of any of the Loan Documents. Receipt or retention of any payment of any indebtedness pursuant to the Loan Documents, including without limitation the payment noted herein above, shall not be deemed to waive any rights or remedies of Lender thereunder.

No modification of the Loan Documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on Lender unless and until Lender

and Obligors shall have reached agreement on all issues, and such agreement shall have been reduced to a written document that expressly states that it modifies the Loan Documents and is duly executed by Lender and Obligors.

Govern yourselves accordingly.

Sincerely,

Lisa Wolgast

cc:
**VIA EMAIL** (abelmont@bochettoandlentz.com)
**AND FEDEX**
Albert M. Belmont, III, Esq.
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, Pennsylvania 19102

Albert A. Ciardi, Esq. (via email aciardi@ciardilaw.com)
Ryan Durkin, Esq. (via email rjd@rdurkinlaw.com)
Marisa Rauchway, Esq. (via email mrauchway@potomaclaw.com)
Claudia Z. Springer (via email cspringer@novo-advisors.com)