**Exhibit G**

Barnes & Thornburg

3340 Peachtree Road N.E., Suite 2900
Atlanta, GA 30326-1092 U.S.A.
(404) 846-1693
Fax (404) 264-4033

www.btlaw.com

Lisa Wolgast
Partner
(470) 832-7535
Lisa.Wolgast@btlaw.com

July 22, 2026

**VIA EMAIL** (jiger@tigcorp.com)
**AND FEDEX**
TIG Reaper LLC
Reaper Time NJ 1 LLC
Reaper Time PA 1 LLC
Reaper Time PA 2 LLC
Manisha Patel
406 Executive Drive
Langhorne, Pennsylvania 19047

**VIA FEDEX**
Manisha Patel
400 Foxcroft Drive
Warminster, Pennsylvania 18974

RE:

(a) That certain Term Loan A Note dated August 15, 2024 payable by Borrower (as defined herein) to Bank Midwest, a division of NBH Bank ("Lender") in the original principal amount of $1,650,000 (as amended and/or modified, the "Term Loan Note");

(b) That certain DLOC Note dated August 15, 2024 payable by Borrower to Lender in the original principal amount of $8,350,000 (as amended and/or modified, the "DLOC Note", together with the Term Loan Note, the "Notes");

(c) That certain Loan Agreement dated August 15, 2024 executed by Borrower and Lender (as amended and/or modified, the "Loan Agreement");

(d) That certain Guaranty dated August 15, 2024 (as amended and/or modified, the "Guaranty") executed by Manisha Patel ("Guarantor", together with Borrower, "Obligors") in favor of Lender;

(e) That certain Loan Assumption and First Modification Agreement dated November 14, 2025 (the "Loan Assumption Agreement") executed by Lender, TIG Reaper LLC,

Reaper Time NJ 1 LLC (Reaper NJ"), Reaper Time PA 1 LLC ("Reaper PA 1"), Reaper Time PA 2 LLC ("Reaper PA 2", together with TIG Reaper LLC, Reaper NJ and Reaper PA 1 are collectively, "Borrower"; the Notes, Loan Agreement, Guaranty, Loan Assumption Agreement and all documents executed in connection therewith and/or related thereto, as amended and/or modified, are collectively, the "Loan Documents")[1]

Ladies and Gentlemen:

As you know, this firm represents Lender with respect to the above-referenced Loan Documents.

You were previously advised in a letter dated July 20, 2026 that Events of Default occurred under the Loan Agreement and other Loan Documents because, *inter alia*: (a) Guarantor and Borrower failed to maintain aggregate Liquid Assets of at least $1,500,000 as of the most recent testing and Compliance Certificate delivered to Lender; (b) Borrower failed to maintain Lender as its principal depository bank, including for the maintenance of operating, administrative, cash management, collection activity, and other deposit accounts for the conduct of Borrower's business; and (c) Borrower created, incurred, assumed, permitted to exist, or otherwise became directly or indirectly liable with respect to any Indebtedness, other than the Obligations and trade indebtedness incurred in the ordinary course of business. The foregoing Events Default occurred and are continuing. Notwithstanding Lender's receipt on or about July 20, 2026 of a payment in the amount of $103,644.69, Borrower is in default under the Loan Documents as a result of the foregoing mentioned Events of Default.

Notice is hereby given that, as a result of the Events of Default, Lender hereby accelerates the indebtedness owed under the Note and other Loan Documents. Lender hereby demands that Borrower and Guarantor pay all amounts owed under the Notes, Guaranty and other Loan Documents, which as of July 22, 2026, is as follows:

| | |
|---|---:|
| Principal | $8,875,805.83 |
| Accrued Interest (non-default rate) | $37,358.88 |
| Unused Line Fee | $60.79 |
| Late Charges | $9,643.41 |
| **Total** | **$8,922,868.91** |

Please be advised that, unless (a) Borrower and Guarantor sign a forbearance agreement in form and substance acceptable to Lender, with signatures delivered by noon ET on July 23, 2026, and (b) Borrower engages a chief restructuring officer, which CRO shall be acceptable to Lender in its sole and absolute discretion, and who shall have the powers of a chief executive officer, with such engagement consummated by noon ET on July 23, 2026, Lender intends to file suit against Borrower and Guarantor seeking payment of the amounts owed and appointment of a receiver over Borrower. Lender reserves all rights and remedies under the Loan Documents, applicable law and equity.

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Loan Documents.

Please be advised that, as a result of the Events of Default, Lender has no obligation to fund any DLOC Draw request and interest is accruing at the Default Rate.

Notice is hereby given that Lender intends to rely on the exact terms of the Loan Documents and demands exact compliance with all of the terms and conditions of the Loan Documents. To the extent that Lender, in the course of performance or execution of the Loan Documents, has departed from the terms thereof, or received money under such departure, notice is hereby given of Lender's intent to rely on the exact terms thereof. Neither this notice, any discussions by Lender with Obligors or their representatives, nor acceptance of any payment by Lender constitutes (a) a waiver of any default under the Loan Documents, whether or not referred to herein or in any prior notice of default, (b) an election of remedies with respect to any such default(s) by Lender, all of which are hereby reserved, (c) a waiver, modification, relinquishment or forbearance by Lender of any rights or remedies under the Loan Documents (or at law or in equity), all of which are expressly reserved, or (d) a modification of any of the Loan Documents. Receipt or retention of any payment of any indebtedness pursuant to the Loan Documents, including without limitation the payment noted herein above, shall not be deemed to waive any rights or remedies of Lender thereunder.

No modification of the Loan Documents and no other agreement or understanding of any nature shall be deemed to have been entered into by or be binding on Lender unless and until Lender and Obligors shall have reached agreement on all issues, and such agreement shall have been reduced to a written document that expressly states that it modifies the Loan Documents and is duly executed by Lender and Obligors. Govern yourselves accordingly.

Sincerely,

Lisa Wolgast

cc:
**VIA EMAIL** (abelmont@bochettoandlentz.com)
**<u>AND FEDEX</u>**
Albert M. Belmont, III, Esq.
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, Pennsylvania 19102

**VIA EMAIL** (sputman@daveshotchicken.com)
**<u>AND FEDEX</u>**
Dave's Hot Chicken Franchise Co., LLC
600 Playhouse Alley, Unit 504
Pasadena, California 91101
Attn: Scott Putman

Lisa Bonsall, Esq. (via email lbonsall@mccarter.com)
Ryan Durkin, Esq. (via email rjd@rdurkinlaw.com)

Joseph Lubertazzi, Esq. (via email JLubertazzi@McCarter.com)
Marisa Rauchway, Esq. (via email mrauchway@potomaclaw.com)